# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

|  |  |  |
|---|---|---|
| NINA TODOROVIC, | ) | No. 75274-0-I |
|  | ) | (consolidated with |
| Appellant, | ) | No. 75275-8-I) |
|  | ) |  |
| v. | ) | DIVISION ONE |
|  | ) |  |
| AMERIPRISE AUTO AND HOME | ) | UNPUBLISHED |
| INSURANCE; IDS PROPERTY | ) |  |
| CASUALTY INSURANCE COMPANY; | ) | FILED: October 9, 2017 |
| and DEGRAZIA'S AUTO BODY SHOP, | ) |  |
|  | ) |  |
| Respondents. | ) |  |
|  | ) |  |

Cox, J. — Nina Todorovic appeals the trial court's orders granting summary judgment to Ameriprise Auto and Home Insurance and IDS Property Casualty Insurance Company (together, "IDS") and Degrazia's Auto Body Shop and dismissing her claims with prejudice. Because there are no genuine issues of material fact and the moving parties are entitled to judgment as a matter of law, we affirm.

On October 25, 2012, Todorovic was involved in a motor vehicle accident and submitted a claim to her auto insurer, IDS. Thoroughbred Body Shop repaired Todorovic's truck and IDS paid them over $9,000. The repairs were insufficient, and Todorovic took the truck to DeGrazia's for additional work.

DeGrazia's did almost $2,000 of additional repairs but then discovered that the truck needed a new frame that would cost $11,210.08. Instead of authorizing payment for the new frame, IDS declared the truck a total loss and issued payments to the lien holder and Todorovic for the value of the car. Todorovic accepted IDS's payment and deposited the check. Even though she was paid for the loss of her truck, Todorovic was dissatisfied and wanted her truck back. IDS refused unless Todorovic reimbursed it for the completed repairs.

On October 9, 2015, Todorovic commenced an action against IDS and DeGrazia's, alleging bad faith and unfair practices.

IDS moved for summary judgment. It claimed there were no genuine issues of fact because IDS had paid Todorovic for the value of her car in accordance with the terms of her policy. To the extent that she was claiming bad faith, IDS argued that Todorovic failed to comply with the notice provisions of the Insurance Fair Conduct Act by providing written notice of her claim.[1] IDS also claimed that Todorovic failed to identify any action that constituted an unreasonable denial of benefits or coverage. In support of its motion, IDS attached the declarations of Clint Thute and Kendra R. Comeau and exhibits including the insurance policy, the letter settling Todorovic's claim for the value of the truck, and a copy of the check that Todorovic had cashed in satisfaction of the claim.

Todorovic failed to file a response or present any evidence in opposition to the motion. The trial court granted IDS's motion.

_____

[1] See RCW 48.30.015(8)(a).

2

Todorovic then filed an amended complaint. She claimed that IDS and DeGrazia's made a "false claim" as to the state of her truck and that she was "swindled" out of her truck.

IDS again moved for summary judgment based on res judicata and the absence of any competent evidence supporting Todorovic's claims. It attached a declaration of Kendra Comeau and a "true and correct" copy of a letter from Todorovic to the insurance commissioner admitting that she consulted counsel before accepting IDS's payment for the value of her truck.

Todorovic again failed to file a response or any evidence opposing the motion. The trial court granted summary judgment on the amended complaint.

On the same day she filed the amended complaint in her original action, Todorovic also filed a second lawsuit under a new case number, 16-2-02399-0 ("2016 cause"). The documents comprising Todorovic's amended complaint are identical to the documents comprising her complaint in the 2016 cause.

IDS moved for summary judgment based on res judicata. In support of the motion, IDS attached the declaration of Lesli S. Wood and a transcript from the hearing on its earlier motion for summary judgment on the amended complaint.

Todorovic again failed to respond, and the trial court entered an order granting summary judgment and dismissing all claims against IDS.

On February 21, 2013, before IDS had paid DeGrazia's, Todorovic came to DeGrazia's and insisted on taking the truck. Tom DeGrazia, the owner of DeGrazia's, told her that she could not take the truck until she both signed a

release and DeGrazia's received payment for the repairs. Todorovic started to drive away with the truck, but when she got out about a block away, DeGrazia got into the truck and started to drive it back to the garage. Todorovic opened the truck door and a struggle ensued.

In her amended complaint, Todorovic alleged that DeGrazia punched, kicked and elbowed her while trying to retrieve the truck and that DeGrazia's had conspired with IDS to defraud her of her truck.

DeGrazia moved for summary judgment on the amended complaint based on the statute of limitations.[2] Todorovic again failed to file a response. DeGrazia's filed a combined reply in support of its motion and a response to join in IDS's motion for summary judgment on the 2016 cause.

The trial court granted DeGrazia's motion and dismissed all claims against it. In the minute order addressing both IDS's motion on the 2016 cause and DeGrazia's motion on the amended complaint, the trial court granted DeGrazia's joinder in IDS's motion, concluded that there was "no merit" going forward, and that the claims in both cases should be dismissed for the reasons set forth in the pleadings.

Todorovic appeals.

### DISMISSAL OF CLAIMS

Todorovic argues that the trial court erred in granting summary judgment and dismissing her claims. We disagree.

---

[2] See RCW 4.16.100(1).

4

"[S]ummary judgment is appropriate where there is 'no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law.'"[3] Although the evidence is viewed in the light most favorable to the nonmoving party, if that party is the plaintiff and it fails to make a factual showing sufficient to establish an element essential to its case, summary judgment is warranted.[4] "[T]he nonmoving party cannot rely on the allegations made in its pleadings" because "CR 56(e) states that the response, 'by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.'"[5] "Conclusory statements and speculation will not preclude a grant of summary judgment."[6] Finally, "[o]n review of an order granting or denying a motion for summary judgment the appellate court will consider only [the] evidence and issues called to the attention of the trial court."[7]

This court reviews de novo a trial court's summary judgment order.[8]

### IDS

Todorovic argues that the trial court erred in granting summary judgment and dismissing her claims against IDS. We disagree.

In both its first and second summary judgment motions, IDS argued that Todorovic could not show bad faith or any action constituting an unreasonable

---

[3] Elcon Const., Inc. v. E. Washington Univ., 174 Wn.2d 157, 164-65, 273 P.3d 965 (2012) (quoting CR 56(c)).

[4] Young v. Key Pharmaceuticals, Inc., 112 Wn.2d 216, 225, 770 P.2d 182 (1989).

[5] Id. at 225-26 (quoting CR 56(c)).

[6] Elcon Const., Inc., 174 Wn.2d at 169.

[7] RAP 9.12.

[8] Elcon Const., Inc., 174 Wn.2d at 164.

denial of benefits or claims. IDS also argued that Todorovic had never provided the requisite statutory notice for asserting a claim under the Insurance Fair Conduct Act.

Todorovic did not file a response or submit evidence in opposition to IDS's motions. Thus, the trial court did not err in granting summary judgment to IDS on the complaint and amended complaint.[9]

Todorovic argues that the trial court erred in dismissing her claims of fraud asserted in the amended complaint because IDS did not address those claims until its reply brief in support of summary judgment. We disagree.

First, Todorovic did not raise this contention to the trial court so we need not address it.[10] Todorovic cites to White v. Kent Med. Ctr., Inc., P.S., in support of her contention, but in that case, the non-movant plaintiff provided a timely response to the motion for summary judgment and alerted the trial court that the defendant had belatedly raised an issue in its reply brief.[11] Here, Todorovic failed to do either.

Second, the trial court gave Todorovic an opportunity to respond at the summary judgment hearing and she failed to raise a material issue of fact on her claim of fraud.[12] Because she was given an opportunity to explain to the trial

---

[9] Young, 112 Wn.2d at 225.

[10] See Dang v. Ehredt, 95 Wn. App. 670, 677, 977 P.2d 29 (1999).

[11] 61 Wn. App. 163, 167-68, 810 P.2d 4 (1991).

[12] See Union Bank, N.A. v. Blanchard, 194 Wn. App. 340, 359, 378 P.3d 191 (2016).

court any evidence she might have in support of her fraud claim and failed to do so, she was in no way prejudiced by IDS's failure to specifically seek dismissal of the fraud claim in its motion for summary judgment on the amended complaint.

Finally, the trial court properly granted summary judgment and dismissed the complaint in the 2016 cause because it was identical to the amended complaint. Summary judgment on the amended complaint was a final judgment on the merits and thus the doctrine of res judicata prohibits Todorovic from relitigating the issues raised in the amended complaint.[13]

### DeGrazia's

Todorovic argues that the trial court erred in dismissing the claims against DeGrazia's. We disagree.

After the trial court dismissed any insurance bad faith or fraud claims against IDS, only the assault claim remained viable against DeGrazia's. The alleged assault occurred in February 2013, and Todorovic did not file her first complaint until October 2015. DeGrazia's moved for summary judgment arguing that the assault claim was barred by the two year statute of limitations.

Todorovic failed to introduce any evidence to rebut DeGrazia's motion. She sent materials to the trial court on April 27 2016, but those materials were not filed until August 1, 2016. Moreover, those materials did not rebut DeGrazia's showing that the assault claim was barred by the statute of limitations.

---

[13] Ensley v. Pitcher, 152 Wn. App. 891, 899, 222 P.3d 99 (2009).

Thus, the trial court did not err in granting summary judgment to DeGrazia's and dismissing the claims against it.

Todorovic raises a number of other issues, including arguing that the trial court erred because her assault claim included a claim for intentional infliction of emotional distress, and arguing that IDS improperly delayed in assessing the damage to her vehicle. She did not raise these arguments in the trial court so we need not consider them.[14]

We affirm the orders granting summary judgment.

_Cox, J._

WE CONCUR:

_Leach, J._          _Dwyer, J._

---

[14] Dang, 95 Wn. App. at 677.